# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-10437-RGK (JPRx)** | Date | January 22, 2019 |
|---|---|---|---|
| Title | *Dept. of Children and Family Services vs. G.A., J.A., D.A. [Minors] and Parents* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On December 17, 2018, Defendant Minors and Parents through Parent Felix Ajegbo, ("Defendants"), representing themselves in pro se, removed this action from state court.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

As to federal question, Defendants have not set forth any federal law or portions of the Constitution that have been violated. The Court's careful review of the Petition filed by Department of Children and Family Services ("Plaintiff") on December 7, 2017, shows that Plaintiff raised no federal question therein. Plaintiff's Petition is a discrete action for relief under Welfare and Inst. Code §300, an action which exclusively invokes authority pursuant to California statute. The Petition does not set forth any claims arising under the U.S. Constitution, treaties, or laws of the United States for which the Court would have "original jurisdiction." 28 U.S.C. § 1441(b). Accordingly, any removal based on federal question jurisdiction is improper.

As to diversity jurisdiction, the Petition does not seek monetary relief or injunctive relief for which monetary value can be assigned. Moreover, the notice of removal fails to establish that the parties are completely diverse. Federal Jurisdiction based on complete diversity requires that all parties to the action are completely diverse in citizenship, and that the amount in controversy exceeds $75,000. Since

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-10437-RGK (JPRx)** | Date | January 22, 2019 |
|---|---|---|---|
| Title | *Dept. of Children and Family Services vs. G.A., J.A., D.A. [Minors] and Parents* | | |

the petition does not meet the jurisdictional threshold, Defendants' removal based on diversity jurisdiction is improper.

    For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

    **IT IS SO ORDERED.**

                                                 :

Initials of Preparer